UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

JOAN E. CLEMMONS, M.D.,

                        Plaintiff,          **MEMORANDUM AND ORDER**

    -against-                               11-cv-1645 (KAM)

Commissioner of Social Security,

                        Defendant.
-------------------------------------X

**MATSUMOTO, United States District Judge:**

            On March 3, 2011, *pro se* plaintiff Joan E. Clemmons

("plaintiff") commenced an action against the Commissioner of

Social Security ("defendant"), alleging that defendant

unlawfully terminated her monthly Supplemental Security Income

(SSI) benefits.  Presently before the court is plaintiff's

motion for this court to recuse itself from the instant action

pursuant to 28 U.S.C. §§ 144 and 455(a)–(b)(1).  (*See generally*,

ECF. No. 26, Motion Pursuant to Title 28 U.S.C. §§ 144 and 455

to Disqualify the Judge.)  Plaintiff's motion is denied for the

reasons set forth below.

**BACKGROUND**

**I.   Plaintiff's Allegations**

            Plaintiff alleges that this court should recuse itself

from presiding over the instant action because it has "shown a

1

consistent and debilitating prejudice against the plaintiff and in favor of the defendant." (*See* ECF No. 26, Affidavit of Joan Clemmons ("Pl.'s Aff.") ¶ 1.)  Plaintiff bases her motion for this court's disqualification on several allegations, each of which purportedly demonstrates this court's "blatant preferential treatment of plaintiff's adversary" and "makes it abundantly clear that justice cannot be obtained by plaintiff in this courtroom."  (*Id.* ¶ 4.)  The court will summarize and then address each allegation in turn.

### A. Alleged Grant of Defendant's "*Ex Parte*" Requests

Plaintiff alleges that the court has "[f]rom day one . . . shown a consistent and debilitating prejudice against the plaintiff and in favor of the defendant" by repeatedly granting defendant's "*ex parte*" requests.  (*Id.* ¶¶ 1–2; ECF No. 26, Memorandum in Support of Plaintiff's Motion Pursuant to Title 28 U.S.C. §§ 144 and 455 to Disqualify the Judge ("Pl.'s Mem.") at 3–4.)  Plaintiff cites several examples to support her claim.

First, on September 20, 2011, the court granted defendant's motion for a thirty-day extension to file a reply related to defendant's motion to dismiss upon defendant's representation that such an extension would permit defendant to "explore the possibility of plaintiff's voluntary withdrawal of this action."  (Pl.'s Aff. ¶ 1–2; Pl.'s Mem. at 3–4; ECF No. 22,

Defendant's Motion for Extension of Time to File
Response/Reply).

Second, plaintiff claims that the court erred "[i]n an
apparent snap judgment" by issuing its August 2, 2011 order,
permitting defendant to serve on plaintiff a motion to dismiss
"after [defendant] had defaulted." (Pl.'s Aff. ¶ 2.) Plaintiff
claims that the court "without question and without input from
the plaintiff . . . accepted at face value the defendant
attorney's [sic] account of events" and "speculated rather than
asked the plaintiff about what happened." (Pl.'s Mem. at 3.)

Third, plaintiff contends that the court issued orders
favorable to the defendant "[e]ven before notice of the
defendant's attorney[']s appearance in the action" and "even
before the defendant's answer had been served and the issue
joined." (Pl.'s Aff. ¶ 3.) Specifically, plaintiff complains
that the court's April 12, 2011 briefing schedule erroneously
directed defendant to "obtain and serve upon plaintiff the
administrative record of the proceedings, along with his answer,
within ninety days of commencement of this action," instead of
sixty days, which plaintiff asserts is applicable pursuant to
Federal Rule of Civil Procedure 12(a)(3).[1]  (*Id.*)  Consequently,

---

[1] Plaintiff cites "Federal Rule of Civil Procedure (Fed R Civ P) 12(a)(3)(A)
or (B)," but such provisions do not exist and the court construes plaintiff's

plaintiff also charges this court with "inefficient management of the business of the court." (Pl.'s Mem. at 4-5.)

### B. Mode of Service of Papers on Plaintiff

Plaintiff further alleges that the court has shown "disdain for" and "deprecation of" the plaintiff by ordering defendant to serve her with copies of the court's orders. (Pl.'s Aff. ¶ 4; Pl.'s Mem. at 5.) According to plaintiff, the court "subordinates plaintiff's position to [defendant's position]," "lowers [plaintiff's] status," and treats her as a criminal by "channeling . . . the orders of the court to plaintiff through [defendant], rather than through the Clerk of the Court." (Pl.'s Aff. ¶ 4.)

### C. Initial Assignment of Case to Central Islip

When plaintiff filed her complaint, it was assigned to the Central Islip Division of the Eastern District of New York, apparently upon the understanding that the underlying events took place in Suffolk County. (Pl.'s Aff. ¶ 6; ECF No. 26, Exhibit S at 1.) When plaintiff informed the Central Islip Division by letter that the case should be heard in the Brooklyn

affidavit as referencing Federal Rule of Civil Procedure 12(a)(3), which provides that "[a] United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later."

Division because the underlying events occurred in Nassau
County, the case was transferred back to Brooklyn. (Pl.'s Aff.
¶ 6; ECF No. 26, Exhibit S at 1.) Plaintiff attributes the
administrative error to this court and alleges that the initial
transfer shows that "the judge was responding to something other
than what was in the Complaint; some remembrance associated with
negative connotations that had more to do with the plaintiff
than with the Complaint," and consequently, that this court must
have been influenced by some extrajudicial source. (Pl.'s Aff.
¶ 6; Pl.'s Mem. at 6.)

### D. Other Allegations

Plaintiff also claims that the court has "saddl[ed]
plaintiff with unnecessary demands" and "place[d] the plaintiff
at a further disadvantage" relative to the defendant by denying
plaintiff's motion for appointment of counsel yet "insist[ing]
on fully briefed motions from a *pro se* litigant." (Pl.'s Aff. ¶
5; Pl.'s Mem. at 6.) Moreover, plaintiff claims that by
requiring her to submit her moving papers to defendant, then
"having [defendant] file them with the court in one
disgorgement, in essence sequestering them from public view
until finality," the court "contradicts the concept of the court
as an open forum." (Pl.'s Mem. at 6.)

Defendant opposes plaintiff's motion, arguing that plaintiff has failed to demonstrate that the court is biased or prejudiced because of an extrajudicial source or that the court's impartiality might reasonably be questioned. (*See* ECF No. 33, Reply Memorandum of Law in Further Support of the Defendant's Motion to Dismiss and In Opposition to Plaintiff's Cross-Motion for Summary Judgment Dated September 2, 2011 and Plaintiff [sic] Motion for Recusal Dated October 7, 2011 ("Def.'s Reply") at 5-6.)

## DISCUSSION

### II.  Plaintiff's *Pro Se* Status

It is "well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted); *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (holding that a *pro se* party's pleadings must be liberally construed in his favor and are held to a less stringent standard than the pleadings drafted by lawyers). Nevertheless, a *pro se* plaintiff must comply with the relevant rules of procedural and substantive law. *Olle v. Columbia Univ.*, 332 F. Supp. 2d 599, 607 (S.D.N.Y. 2004).

## III. Legal Standard for Recusal

### A. Section 144

The first statutory provision upon which plaintiff relies, 28 U.S.C. § 144 ("Section 144"), provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"The Second Circuit has articulated a standard for legal sufficiency under Section 144: 'an affidavit must show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Williams v. New York City Housing Auth.*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quoting *Rosen v. Sugarman*, 357 F.2d 794, 798 (2d Cir. 1966)) (internal quotation marks omitted).

7

Notably, "[t]hough the language of Section 144 appears to indicate otherwise, submitting an affidavit to the Court under this provision does not yield automatic recusal of the judge on the matter." *Id.* at 248 (citing 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3551 (2003)). "The mere filing of an affidavit of bias, pursuant to 28 U.S.C. § 144 . . . 'does not require a judge to recuse [herself or] himself.'" *In re Holocaust Victim Assets Litig.*, Nos. 09-cv-3215, 96-cv-4849, 2010 WL 4038794, at *3 (E.D.N.Y. Oct. 1, 2010) (quoting *Nat'l Auto Brokers Corp. v. Gen. Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978)). Rather, "the judge must review the facts included in the affidavit for their legal sufficiency and not recuse himself or herself unnecessarily." *Williams*, 287 F. Supp. 2d at 249 (citing *Rosen*, 357 F.2d at 797); *see In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself [or herself] when it is not called for as he [or she] is obliged to when it is.") (citation omitted).

**B. Section 455(a)–(b)(1)**

Plaintiff also brings her recusal motion pursuant to two subsections of 28 U.S.C. § 455 ("Section 455").[2] First,

---

[2] Section 455 also contains other conditions under which judicial recusal is appropriate, none of which plaintiff references or which apply in this case.

pursuant to Section 455(a), a judge must disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Second Circuit has noted that this subsection "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). "Deciding whether there is an appearance of bias is 'not mechanical,' however, because 'disqualification for lack of impartiality must have a *reasonable* basis.'" *Hoffenberg v. United States*, 333 F. Supp. 2d 166, 171 (S.D.N.Y. 2004) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). Consequently,

> Section 455(a) requires a showing that would cause an objective, disinterested observer fully informed of the underlying facts [to] entertain significant doubt that justice would be done absent recusal. Where a case . . . involves remote, contingent, indirect or speculative interests, disqualification is not required. Moreover, where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited.

*Aguinda*, 241 F.3d at 201 (internal quotation marks and citations omitted).

"While Subsection 455(a) addresses the appearance of impropriety, Subsection 455(b) 'addresses the problem of actual bias by mandating recusal in certain specific circumstances

9

where partiality is presumed.'" *Hoffenberg*, 333 F. Supp. 2d at

172 (quoting *United States v. Bayless,* 201 F.3d 116, 126 (2d

Cir. 2000)).  Section 455(b)(1) provides that a judge who has "a

personal bias or prejudice concerning a party, or personal

knowledge of disputed evidentiary facts concerning the

proceeding" shall disqualify herself.  28 U.S.C. § 455(b)(1).

Notably "[c]ourts considering the substantive

standards of §§ 144 and 455(b)(1) have concluded that they are

to be construed *in pari materia*." *Apple v. Jewish Hosp. & Med.*

*Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987); *see also United States*

*v. Ahmed*, 788 F. Supp. 196, 204 (S.D.N.Y. 1992) ("[T]he test of

legal sufficiency of a motion for recusal is the same under both

[Sections 144 and 455(b)(1)."]  Consequently, where the court

finds that a plaintiff fails to present a basis for recusal

under Section 455, plaintiff's motion for relief under Section

144 must also fail. *Longi v. Cnty. of Suffolk*, No. CV 02-5821,

2006 WL 3403269, at *1 (E.D.N.Y. Nov. 22, 2006).

## IV.  Procedural Requirements

"[B]oth Section 144 and all subsections of Section 455

are construed to require a timely application, which our Circuit

reads as a 'threshold' issue--*i.e.*, one to be evaluated before

matters of substance are reached." *Hoffenberg*, 333 F. Supp. 2d

at 173 (internal quotation marks and citation omitted); *see also*

*Lamborn v. Dittmer*, 726 F. Supp. 510, 514 (S.D.N.Y. 1989)

(noting affidavits filed under Section 144 are "strictly

scrutinized" for timeliness and form, and a court must determine

whether these procedural requirements have been met before

reaching the merits of the recusal motion); *see United States v.*

*Nelson*, CR-94-823, 2010 WL 2629742, at *2 (E.D.N.Y. June 28,

2010) ("[A] judge who is presented with a [Section 144] motion

for recusal . . . must first determine whether the procedural

requirements have been met . . . ."). Accordingly, before

reaching the merits of plaintiff's motion, the court will first

consider whether the motion meets the procedural requirements.

## A. Timeliness

An affidavit in support of a recusal motion is timely

filed when it is "made at the earliest possible moment after

obtaining facts demonstrating a basis for recusal."[3]  *Lamborn*,

726 F. Supp. at 514. "Recusal motions are often denied on the

basis of untimeliness when there has been only a short delay."

*Id*. at 515.  *See, e.g.*, *United States v. Durrani*, 835 F.2d 410

---

[3] The timeliness requirement that governs claims brought under Section 455 is
not explicit.  As noted by another court in this district, however, the
requirement "that a party "move for recusal in a timely fashion . . . has
been effectively read into the statute." *Nasca v. Cnty. of Suffolk*, No. 09-
CV-0023, 2010 WL 3713186, at *2 (E.D.N.Y. Sept. 13, 2010).  Consequently,
motions to recuse under Section 455 are subject to the same requirement of
timeliness as those under Section 144.  *Katzman v. Victoria's Secret
Catalogue*, 939 F. Supp. 274, 277 (S.D.N.Y. 1996) ("The Second Circuit has
read a timeliness requirement into 28 U.S.C. § 455 by reading it in
combination with 28 U.S.C. § 144, which expressly provides that a party
moving for recusal make its motion in a timely fashion.")

(2d Cir. 1987) (affirming district court's rejection of recusal motion as untimely because motion was filed four months after events of which movant complained); *Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d 334, 350 (S.D.N.Y. 2000) (recusal motion brought after four-month delay deemed untimely).

Notably, however, "the actual time elapsed between the events giving rise to the charge of bias or prejudice and the making of the motion is not necessarily dispositive." *Apple,* 829 F.2d at 333-34. In addition to lapse of time, the court considers the following four factors in assessing the timeliness of a motion: (1) "whether the movant has participated in a substantial manner in trial or pre-trial proceedings," (2) "whether granting the motion would represent a waste of judicial resources," (3) "whether the motion was made after the entry of judgment," and (4) "whether the movant can demonstrate good cause for delay." *Lamborn*, 726 F. Supp. at 514-15 (citing *Apple*, 829 F.2d at 333); *see, e.g.*, *Apple*, 829 F.2d at 334 (motion filed one month after entry of judgment and two months after events giving rise to the charge of bias or prejudice presumptively untimely); *Katzman*, 939 F. Supp. 274, 277 (S.D.N.Y. 1996) (two-month delay deemed untimely because movant "knew the facts on which the motion to disqualify is

based, yet failed to file the motion while the court continued to hear and decide matters in the case").

Construing *pro se* plaintiff's submissions liberally, as the court must, the court concludes that plaintiff timely submitted her Section 144 claim.  Although plaintiff bases her motion in part on events that occurred more than seven months ago,[4] she also relies on events that took place approximately two weeks before she filed the motion.[5]  Furthermore, because plaintiff is proceeding *pro se* and she filed this motion in the early stages of litigation, the court finds that there has been no undue delay and that plaintiff has satisfied the timeliness requirement of Section 144.  *See Hoffenberg*, 333 F. Supp. 2d at 173 (finding affidavit filed with delay of three weeks timely in part because case was in "relatively early stages").

**B. Form**

An affidavit alleging "personal bias or prejudice either against [the moving party] or in favor of any adverse party" pursuant to Section 144 must "be accompanied by a

---

[4] For example, plaintiff argues that this court improperly issued an order directing defendant to serve his answer and the administrative record ninety days after the complaint was filed.  (*See* Pl.'s Mem. at 4-5.)  The court issued that order more than seven months ago, on April 12, 2011.  (*See* ECF No. 4, Order dated 4/12/2011.)  Further on April 12, 2011, the court denied without prejudice plaintiff's motion for appointment of counsel (*see id.*), another ground upon which the plaintiff rests her motion (*see* Pl.'s Mem. at 6).

[5] On September 20, 2011, the court granted defendant's motion for a thirty-day extension to file a reply related to his motion to dismiss.  (*See* Pl.'s Aff. ¶ 1-2; Pl.'s Mem. at 3.)

certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. "The reason for this requirement is that since the court cannot test the truth of the claimed facts, the law requires the counsel's certification that the motion is made in good faith." *Nelson*, 2010 WL 2629742, at *6 (citation and internal quotation marks omitted).

Plaintiff submits her own certification that she makes this motion in good faith. (*See* ECF No. 26, Certification.) Because plaintiff is proceeding *pro se*, she cannot submit the certification *of counsel* as required by the statute, however. *See Longi*, 2006 WL 3403269, at *1 (Section 144 "requires a good faith certification from counsel and as such, may not be available to *pro se* litigants"); *see also Williams*, 287 F. Supp. 2d at 249 ("[Party's] affidavit, which is submitted *pro se* and without a certificate of counsel of record, fails on this threshold matter.").

Section 455(b)(1) does not require a certificate of counsel, however, and the substantive inquiries under Section 144 and Section 455(b)(1) are the same. *Rothstein v. Fung*, No. 03-CIV-674, 2003 WL 22829111, at *2 (S.D.N.Y. Nov. 26, 2003). Accordingly, although plaintiff's application is defective in form for lack of a certificate of counsel under Section 144, the court will examine the merits of plaintiff's motion,

14

particularly because it challenges the impartiality of the court. *See Lamborn*, 726 F. Supp. at 515 (quoting *Paschall v. Mayone*, 454 F. Supp. 1289, 1300 (S.D.N.Y. 1978)) ("Despite defendant's motion being deficient in both timeliness and form, since the impartiality of the court has been questioned, it is important to address [defendant's] contentions on the merits.").

## V.   Substantive Analysis

### A. Section 144 and 455(b)(1)

As discussed *supra*, Section 144 or Section 455(b)(1) share the same substantive analysis:  both warrant recusal where the movant sufficiently alleges a personal bias stemming from extrajudicial conduct that would lead "a reasonable person, knowing all the facts" to conclude that the court's impartiality might reasonably be questioned.  *Apple*, 829 F.2d at 333; *see also Lamborn*, 726 F. Supp. at 515 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (under Sections 144 and 455(b)(1), "disqualifying prejudice 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case'").

When considering a motion brought under Sections 144 and 455(b)(1), the court "cannot inquire into the truth of the matters alleged but must accept them as true for the purpose of

15

ruling upon their legal sufficiency, however unfounded they may
be in fact." *United States v. Int'l Bus. Machines Corp.*, 475 F.
Supp. 1372, 1379 (S.D.N.Y. 1979) (citing *Berger v. United
States*, 255 U.S. 22, 36 (1921)).  Nevertheless, the court "need
not accept as fact mere conclusory speculation which lacks any
factual support." *Lamborn*, 726 F. Supp. at 516.

In the instant case, the majority of plaintiff's
assertions in support of this court's recusal do not allege
personal bias arising from an extrajudicial source and therefore
do not constitute grounds for recusal under Sections 144 and
455(b)(1).  The sole assertion that remotely references an
extrajudicial source relates to the allegedly improper
"transfer" of plaintiff's complaint to the Central Islip
Division at the commencement of her action.  A reasonable person
fully informed of the facts in this case would find no basis for
this court's recusal based on that allegation alone.

Although plaintiff claims that the mistaken "transfer"
of her case from Brooklyn to the Central Islip Division
indicates that this court "was responding to information and
belief[s] formed during [a] prior proceeding" and that the
"recollection influence[d] [the judge's] negative attitude
toward the plaintiff" (*see* Pl.'s Aff. ¶ 6; ECF No. 26, Exhibit S
at 1; Pl.'s Mem. at 6-7), plaintiff "has not shown and does not

16

purport to establish or identify any personal connection, relationship or extrajudicial incident which accounts for the alleged personal animus of [this court]." *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1980). Therefore, because plaintiff's sole claim regarding bias from an extrajudicial source is conclusory and unsupported by any facts, her allegations are legally insufficient to support a motion for recusal under Sections 144 and 455(b)(1).

## B. Section 455(a)

Unlike Sections 144 and 455(b)(1), which deal with *actual* bias, Section 455(a) "deals exclusively with appearances" because "[i]ts purpose is the protection of the public's confidence in the impartiality of the judiciary." *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007). Accordingly, "[t]he test for an appearance of prejudice . . . is not the subjective belief of the movant or her attorney, or even that of the judge, but whether facts have been presented, that if true, would lead an objective person to infer that bias or prejudice exists, thereby foreclosing the impartiality of judgment." *Nelson*, 2010 WL 2629742, at *6. Notably, in contrast to analyses under Sections 144 and 455(b)(1), Section 455(a) does not require that the court accept all allegations of movants' allegations as true. *Farkas v. Ellis*, 768 F. Supp. 476, 480 (S.D.N.Y. 1991).

17

The court also notes that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" under Section 455(a). *Liteky v. United States*, 510 U.S. 540, 555 (1994). In light of the foregoing, the court finds that recusal is not warranted under Section 455(a).

As an initial matter, the court notes that, contrary to plaintiff's unsupported assertions, the court has not entertained any *ex parte* communications from any party in this case. Each request that defendant made to this court was properly filed on the public docket via the Electronic Case Filing (ECF) system, with notice to the plaintiff, and in accordance with this court's chamber practices. Moreover, the court's decision to grant defendant's requests for an extension of time to file his reply was a scheduling matter, which falls "within the realm of judicial case management[,] . . . is left to the discretion of the trial court and . . . does not provide a basis for recusal." *Lamborn*, 726 F. Supp. at 517.

In addition, as previously explained to plaintiff in an order dated June 23, 2011, the court's initial briefing schedule, which established a ninety-day deadline for defendant's service of his answer and the administrative record on plaintiff, was set by the court in its April 12, 2011 order in accordance with the United States District Court, Eastern

District of New York, Administrative Order 2008-5, In re:
Scheduling in Social Security Cases. (*See* ECF No. 11, Order
Denying Plaintiff's Motion for Default Judgment.)  Furthermore,
the court properly issued its order dated August 2, 2011,
permitting defendant to serve his motion to dismiss on plaintiff
because defendant was not in default, as explained in the
court's order dated June 23, 2011. (*See id.*)  Because the
aforementioned acts of which plaintiff complains are judicial
rulings that arose from the court's compliance with the
Administrative Order and other practices and procedures in the
Eastern District of New York, they would not lead an objective
person to infer that this court is biased or prejudiced against
plaintiff and therefore do not merit recusal under Section
455(a).

　　　　Nor would the court's history of directing the
defendant to serve copies of its orders on plaintiff lead an
objective person to infer that the court's impartiality of
judgment is foreclosed.  Although plaintiff interprets the
court's actions as "a reflection of the disdain with which she
is held by this judge" (*see* Pl.'s Aff. ¶ 4), the court in fact
directed defendant to serve copies of the orders on plaintiff as
a courtesy to the plaintiff.  The court routinely requests that
represented parties, who have access to the Electronic Case

Filing (ECF) system, serve copies of the court's orders on *pro se* parties, who cannot access or receive notices via ECF. Thus, a reasonable person would not conclude that this court's impartiality could reasonably be questioned on this basis.

Furthermore, recusal pursuant to Section 455(a) is not warranted because the court requires plaintiff to file "fully briefed papers" even though she is proceeding *pro se* and defendant is represented by counsel (*see* Pl.'s Mem. at 6). Pursuant to this court's individual rules, which apply to all litigants, a motion should not be filed until it has been fully briefed. (*See* Chambers Practices of Judge Matsumoto at IV.C.1.a.) Further, a *pro se* plaintiff must comply with court orders and relevant procedural laws. *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders."); *see also Olle*, 332 F. Supp. 2d at 607 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[A] litigant's *pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'")).

Finally, as this court played no role in the initial assignment of plaintiff's complaint to the Central Islip

20

Division, the mistake was not due to this court's "respon[se] to something other than what was in the Complaint; some remembrance associated with negative connotations that had more to do with the plaintiff than with the Complaint," as plaintiff alleges (*see* Pl.'s Aff. ¶ 6).  Accordingly, plaintiff has failed to establish grounds for this court's disqualification pursuant to Section 455(a).

**CONCLUSION**

For the foregoing reasons, the court denies plaintiff's motion for judicial recusal pursuant to 28 U.S.C. § 144 and 455(a)–(b)(1).


SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:    December 8, 2011
          Brooklyn, New York