UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOAN E. CLEMMONS,

                Plaintiff,                **MEMORANDUM AND ORDER**

    - against -                      11-cv-1645 (KAM)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X

**MATSUMOTO, United States District Judge:**

      *Pro se* plaintiff Joan E. Clemmons ("plaintiff") commenced this action to challenge the Social Security Administration's September 1, 2010 decision to terminate her monthly Supplemental Security Income ("SSI") benefits. Plaintiff seeks: (1) a finding that the Social Security Administration (the "Administration") provided insufficient notice before terminating her SSI benefits; (2) an order to resume payment of plaintiff's SSI benefits and to retroactively pay her terminated benefits; and (3) a hearing before the Administration at which she could present arguments for the resumption of her monthly SSI benefits and retroactive payment of the SSI benefits that she has not received since September 1, 2010. (*See* ECF No. 1, Complaint ("Compl.") at 12.)

      Presently before the court is defendant's contested

motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction. (ECF No. 30, Defendant's Motion to Dismiss (Def.'s Mem.).) In addition, as set forth in this court's September 16, 2011 order, the court construes plaintiff's "Motion to Strike Defendant's Motion to Dismiss" (see ECF Nos. 18, 33) as an opposition to defendant's motion to dismiss, or alternatively, as a cross-motion for judgment in her favor. For the reasons set forth below, the court denies defendant's motion to dismiss for lack of subject-matter jurisdiction and remands for further administrative proceedings. In light of the court's remand, the court denies plaintiff's cross-motion for judgment in her favor.

## BACKGROUND[1]

On April 1, 2010, plaintiff began collecting SSI benefits from the Administration on a monthly basis. (Compl. at 2.)

With respect to SSI recipients, the Administration conducts periodic "redeterminations" to review the ongoing eligibility of each SSI beneficiary and to verify that he or she is receiving the correct amount of benefits. (*Id.*, Ex. H at 1; 20 C.F.R. § 416.204.) As part of the redetermination process,

---

[1] The following facts are taken from the complaint and its exhibits and are not findings of fact by the court. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (In deciding defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the court "must accept as true all material factual allegations in the complaint," but should not draw inferences from the complaint that are favorable to plaintiffs).

the Administration requires SSI recipients "to give information about changes to . . . income, resources, and living arrangements." (Compl., Ex. H at 1.) The Administration sends notices to beneficiaries to inform them of their need to comply with the redetermination process. (Compl., Ex. A at 1; Compl., Ex. B at 1.)

Plaintiff received a redetermination notice dated June 8, 2010, from the Administration (the "First Redetermination Notice"). (Compl., Ex. B at 1.) The First Redetermination Notice informed plaintiff that the Administration "regularly review[s] the cases of people who get SSI" and that the Administration "need[ed] information from [plaintiff] to make sure [she was] still eligible." (*Id.*) The First Redetermination Notice instructed plaintiff to visit her local Administration office on June 22, 2010, and to bring various documents, including bank statements, pension records, and unemployment compensation payment records (*id.* at 1-2), and warned that the Administration might stop plaintiff's SSI if she did not respond to the request or contact the Administration within thirty days to explain her failure to respond. (*Id.* at 2.) The First Redetermination Notice also stated that before the Administration stopped her SSI, it would send her another letter to explain its decision and plaintiff's right to appeal

that decision, and that plaintiff could continue receiving SSI benefits while the appeal was pending. (*Id.*)

Plaintiff alleges that she observed that the First Redetermination Notice was not signed (although the name "Tanya A. Shepherd" and her title, "District Manager," appears on the bottom of page 2), that the "claim number was incomplete," and that the Notice "did not bear in its heading the type of notice it was supposed to be." (Compl. at 3.) Plaintiff alleges that the lack of a signature on the First Redetermination Notice indicated non-compliance with the Administration's own regulations regarding the formatting of its official notices.[2] Plaintiff also questioned the "provenance and genuineness" of the First Redetermination Notice, and whether it actually came from a "grand jury" that had been "monitoring" her for more than thirty years. (Compl., Ex. C at 1.) Consequently, plaintiff returned to the Administration a photocopy of the First Redetermination Notice together with a letter dated June 11,

---

[2] Plaintiff attached to her complaint as Exhibit A an Administration webpage entitled, "Understanding Supplemental Security Income: Social Security Notices and Letters--2010 Edition," which explains that Notices from the Administration have certain features, including "a heading that always includes the agency name, and usually the name of the Social Security program, and the type of notice for example: Social Security Administration, Supplemental Security Income, Notice of Change in Payment"; "a Social Security telephone number and/or address"; and "a signature and title of a Social Security official." (Compl., Ex. A at 1.) Plaintiff did not cite to any regulation that requires a hand-signed signature. Moreover, the court notes that in this day and age of technological progress, the use of electronic signatures on official documents has become commonplace. *See, e.g.*, Fed. R. Civ. P. 5(d)(3) (providing that a court may, by local rule, "allow papers to be . . . *signed* . . . by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States").

4

2010, in which she requested that the First Redetermination Notice "be signed and returned to her." (Compl. at 3.)

Several weeks later, plaintiff received a notice dated June 28, 2010, from the Administration (the "Second Redetermination Notice"). (Id.) The Second Redetermination Notice advised plaintiff that because she had failed to attend the June 22, 2010 appointment, she should appear at the local Administration office on July 8, 2010 for another redetermination appointment. (Compl., Ex. D at 1.) The Second Redetermination Notice warned, "[i]f you do not respond to this request, your SSI payments will stop," and that the Administration "may stop your SSI if you don't respond to this request or contact us within 10 days to tell us why." (Id. at 1-2.)

Plaintiff again observed that the Second Redetermination Notice was unsigned, although the name and title of Tanya A. Shepherd appeared at the bottom of page 2. (Compl., Ex. E at 1.) Plaintiff did not think that the Administration sent the Second Redetermination Notice; rather, she thought that it, like the First Redetermination Notice, was "the product of a grand jury." (Compl. at 3; Compl., Ex. E at 1.) Consequently, plaintiff returned to the Administration a copy of the Second Redetermination Notice with a letter dated July 1, 2010, in

which she requested a hand-signed copy of the Second Redetermination Notice. (Compl. at 3; Compl., Ex. E at 1.)

By letter dated July 17, 2010, to the attention of "Tanya A. Shepherd/Ms. Lee/et alii [sic] whom this may concern," plaintiff acknowledged receipt of a July 16, 2010 voicemail, from "you," Tanya A. Shepherd, District Manager of the Administration, or Ms. Lee, of the Administration, stating that plaintiff had "five days to present [her]self at the [local] Social Security office or [her SSI] benefits [would] be stopped in August." (Compl., Ex. F at 1.) Plaintiff's letter explained, *inter alia*, that by leaving a voicemail instead of sending a written notification, the Administration had violated her right to receive written notice of eligibility determinations and benefit amount changes. (*Id.* at 1-2.) Plaintiff also forwarded a copy of her July 17 letter to defendant Comissioner by letter dated July 23, 2010. (Compl., Ex. G.)

By letter to plaintiff dated August 9, 2010, defendant, by Associate Commissioner Sheryll Ziporkin, explained that the Administration used the redetermination process periodically to ensure that each SSI beneficiary is "still eligible for payment and that the payments are correct." (Compl., Ex. H at 1.) Associate Commissioner Ziporkin also apologized for plaintiff's "unsatisfactory" dealings with the

6

local Administration office, but clarified that the Administration still required plaintiff to appear at her redetermination appointment and advised that her failure to do so could result in a suspension of her SSI benefits. (*Id.*) The letter was signed by Associate Commissioner Ziporkin. (*Id.*)

In response, by letter dated August 13, 2010, plaintiff (a) noted that the Associate Commissioner's August 9, 2010 letter failed to address her complaints, and (b) reaffirmed her intention not to appear for a redetermination appointment "until and unless I receive a written signed letter from a bona fide Administration official requesting such a meeting." (Compl., Ex. I at 1-2.)

On August 16, 2010, the Administration sent plaintiff a Notice of Planned Action, which advised plaintiff of the Administration's intention to stop payments of her SSI benefits in September 2010 due to her failure to appear at a redetermination meeting to provide updated financial information. (Compl., Ex. J at 1.) The Notice of Planned Action provided information regarding plaintiff's right to appeal the decision to terminate plaintiff's SSI benefit payments, and the appeal process. (*Id.* at 2-4.) Specifically, the Notice of Planned Action indicated that plaintiff could appeal by completing Form SSA-561, a "Request for Consideration," within sixty days. (*Id.* at 2.) In addition,

the Notice of Planned Action stated that if plaintiff appealed within ten days, she "[would] continue to get the same [SSI] check amount" until the Administration decided her case. (*Id.*)

Plaintiff completed an official Request for Reconsideration and mailed it, together with a supplementary written argument, on August 23, 2010--fewer than ten days after she received the Notice of Planned Action. (Compl. at 5; Ex. K.) Nevertheless, the Administration stopped plaintiff's SSI payments on September 1, 2010. (Compl. at 6.)

Plaintiff subsequently mailed two letters--dated September 20, 2010, and October 8, 2010, respectively--to request confirmation that the Administration received her Request for Reconsideration. (Compl. at 6; Exs. L & M.) Plaintiff did not receive any responses regarding her Request for Reconsideration from the Administration. (Compl. at 6; Compl., Ex. M at 1.)

Plaintiff commenced the instant action on March 29, 2011. (*See generally* Compl.) Defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") on grounds that this court lacks subject-matter jurisdiction over the instant action because plaintiff failed to exhaust her administrative appeal remedies and therefore has not received the "final decision" required to obtain judicial review under 42 U.S.C. § 405(g) ("Section

405(g)").[3] (Def.'s Mem. at 1.) On September 2, 2011, plaintiff filed a motion to strike defendant's motion to dismiss for lack of subject-matter jurisdiction on grounds the court could exercise mandamus jurisdiction pursuant to 28 U.S.C. § 1361 and in any event, the court had jurisdiction to adjudicate her Fifth Amendment due process claim[4] pursuant to 28 U.S.C. § 1331. (ECF No. 20, Plaintiff's Motion to Strike, at 6-7.) On September 16, 2011, the court ordered that it would treat plaintiff's motion to strike as an opposition to defendant's motion to dismiss, or, in the alternative, as a cross-motion for judgment in plaintiff's favor.

**DISCUSSION**

I. **Standard of Review**

A. ***Pro Se* Submissions**

Plaintiff has filed her complaint *pro se*. It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citing *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). The court reviews plaintiff's submissions in light of these considerations.

---

[3] 42 U.S.C. § 1383(c)(3) applies the Section 405(g) requirements to SSI benefits.
[4] Plaintiff asserts that "the refusal of the [Administration] to sign its notices, particularly when asked to do so, violated plaintiff's right to due process." (ECF No. 20, Plaintiff's Motion to Strike, at 7.)

## B. Motions to Dismiss Pursuant to Rule 12(b)(1)

In deciding defendant's motion to dismiss pursuant to Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint," but should not draw inferences from the complaint that are favorable to plaintiffs. *Attica Cent. Schs.*, 386 F.3d at 110. In addition, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## II. Subject-Matter Jurisdiction

### A. Subject-Matter Jurisdiction Pursuant to Section 405(g)

District courts lack subject-matter jurisdiction over Social Security claims in the absence of a final decision by the Commissioner. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983); *see Bamberg v. Astrue*, No. 10-CIV-6348, 2011 WL 4000898, at *4 (S.D.N.Y. Sept. 8, 2011) (Report and Recommendation), *adopted without opinion* (S.D.N.Y. Sept. 8, 2011) ("In the absence of a final decision by the Commissioner, the Court does not typically have subject-matter jurisdiction over a plaintiff's claim under the Social Security Act"); *see also*

*Smith v. Barnhart*, 293 F. Supp. 2d 252, 254 (E.D.N.Y. 2003) ("A district court's subject matter jurisdiction over the denial of Social Security disability benefits is limited.").

Section 405(g) of the Social Security Act provides that:

> Any individual, after a final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

In addition, 42 U.S.C. § 405(h) ("Section 405(h)") provides:

> The findings and decision of the [Commissioner] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the [Commissioner], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

"Section 405(g) . . . has been interpreted to require that, generally speaking, administrative procedures must be exhausted before judicial review is available." *Dietsch*, 700 F.2d at 867. The administrative procedures that a plaintiff must exhaust include "an initial determination, a reconsideration of that determination, a hearing decision by an ALJ, and an Appeals Council review." *Gonzalez ex rel. Guzman v.*

*Sec'y of the Dep't of Health & Human Servs.*, 360 F. App'x 240, 245 (2d Cir. 2010) (citing 20 C.F.R. § 416, subpt. N).

In certain circumstances, however, district courts have subject-matter jurisdiction over Social Security benefits claims brought by plaintiffs who have not exhausted the administrative process.

### B. Mandamus Jurisdiction Pursuant to 28 U.S.C. § 1361

#### 1. Legal Standard

Although Sections 405(g) and (h) of the Social Security Act prevent district courts from hearing Social Security actions brought under 28 U.S.C. §§ 1331 or 1346 absent a final administrative decision as discussed *supra*, the Second Circuit has held that the Social Security Act does not bar federal courts from exercising subject-matter jurisdiction pursuant to 28 U.S.C. § 1361 ("the Mandamus Act"),[5] which grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. *See City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986) (internal citations omitted) ("Although the Supreme Court has on numerous occasions

---

[5] Plaintiff also notes in her complaint that the Social Security Act does not bar the establishment of mandamus jurisdiction. (Compl. at 1 & n.1.)

12

declined to decide whether [Section 405(h)] bars mandamus jurisdiction over claims arising under the [Social Security] Act, it is settled in this and other circuits that, notwithstanding the sweeping language of [Section 405(h)], mandamus jurisdiction is available.").[6]

The Second Circuit has further found that the Mandamus Act "provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits." *Dietsch*, 700 F.2d at 868. Specifically, mandamus jurisdiction only applies where the plaintiff's claim satisfies three requirements: "(1) [plaintiff has] a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." *Heckler*,

---

[6] This court may also possess jurisdiction under Section 405(g). In *Mathews v. Eldridge*, the United States Supreme Court found that "cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment [over the meaning of "final"] is inappropriate." 424 U.S. 319, 330 (1976). The Supreme Court held that where plaintiff's "constitutional challenge is entirely collateral to his substantive claim of entitlement," the very act of denying Social Security benefits to a plaintiff "constitutes a final decision for purposes of § 405(g) jurisdiction over his constitutional claim." *Id.* at 330-32 (citations omitted). Thus, *Mathews* holds that where, as here, there is a collateral constitutional challenge, the federal courts have the authority to read a decision to terminate benefits as the "final decision" in finding subject-matter jurisdiction appropriate under Section 405(g). However, as this court has jurisdiction under the Mandamus Act, the court need not decide the issue as to whether jurisdiction is also proper under Section 405(g). *See, e.g.*, *Weiss v. Sec'y of U.S. Dep't of Health & Human Servs.*, 859 F. Supp. 58 (E.D.N.Y. 1994) (noting that the Supreme Court recognizes "an exception to the exhaustion requirement for [Section 405(g)] jurisdiction in situations where a constitutional due process challenge is raised," and that "[b]ecause plaintiff does not raise such a claim and because, as discussed below, this Court finds that mandamus jurisdiction lies, this Court need not reach this issue." *Id.* at 61 n.2; *see also White v. Mathews*, 559 F.2d 852, 856 n.4 (2d Cir. 1977) (same); *Bamberg*, 2011 WL 4000898, at *5 (same).

13

742 F.2d at 739. *See also Jones v. Astrue*, 526 F. Supp. 2d 455, 459 (S.D.N.Y. 2007) (same).

### 2. **Plaintiff's Claim Under Mandamus Jurisdiction**

Mandamus jurisdiction is appropriate here because plaintiff requests "review [of an] otherwise unreviewable procedural issu[e] not related to the merits of a claim for benefits." *Dietsch*, 700 F.2d at 868. Moreover, the court finds that plaintiff's claim satisfies the three requirements set forth in *Heckler*, 742 F.2d at 739.

First, the plaintiff has a right to a reconsideration and has established to the court's satisfaction that she timely invoked that right. (Compl. at 5, Ex. K). Federal regulations provide the basis for plaintiff's right to reconsideration where the request is timely filed. Pursuant to 20 C.F.R. § 416.1408, an SSI recipient who is "dissatisfied with the initial determination . . . may request that [the Administration] reconsider it." The Notice of Planned Action informed plaintiff that she could avail herself of her right to reconsideration by filing a Request for Reconsideration within sixty days, and that she would continue to receive SSI benefits if she filed that request within ten days. (Compl., Ex. J at 2.) Plaintiff submitted her Request for Reconsideration on August 23, 2010, fewer than ten days after receiving the Notice of Planned Action. (Compl. at 5; Compl., Ex. K at 1.) Indeed, defendant

14

has agreed to "accept the document appended as Ex. K to [the] Complaint, as a timely filed request for reconsideration and issue a determination." (ECF No. 33, Defendant's Reply Memorandum of Law ("Reply Mem.") at 2.)

Second, the Administration has a non-discretionary duty to reconsider its initial decision upon plaintiff's timely submission of a request for reconsideration because the Administration "is bound by [its] own regulations." *Sinatra v. Heckler*, 566 F. Supp. 1354, 1358 (E.D.N.Y. 1983); *see Weiss*, 859 F. Supp. at 62 (defining the Administration's obligation to provide a reconsideration, when timely requested, as a "duty"); *see also Ford v. Shalala*, 87 F. Supp. 2d 163, 166 (E.D.N.Y. 1999) ("A claimant who disagrees with the initial determination is entitled to seek reconsideration from the agency.") (citing 20 C.F.R. §§ 416.1407, 1408); *see generally* 20 C.F.R. § 416.1400, et seq. (describing the administrative hearing process as required by federal law).

Finally, the defendant asserts that plaintiff has failed to exhaust her administrative remedies and that the Commissioner has not waived exhaustion. (Reply Mem. at 2-4.) Plaintiff, however, has had no opportunity to exhaust the administrative appeals process because the Administration has not fulfilled its obligation to review plaintiff's appeal in light of her timely Request for Reconsideration. *See, e.g.,*

*Weiss*, 859 F. Supp. at 62 (plaintiff had no other avenue of appeal besides federal court because Administration refused to address his Request for Reconsideration).

Accordingly, the court finds that mandamus jurisdiction is proper here and the court denies defendant's motion to dismiss for lack of subject-matter jurisdiction. Instead, the court remands this action to the Commissioner for further administrative proceedings. Further, the Court denies plaintiff's motion to strike in light of the court's exercise of mandamus jurisdiction and the remand of this action, which addresses her due process allegations.

## **CONCLUSION**

For the reasons above, defendant's motion to dismiss is denied, and this matter is remanded to the Commissioner for further administrative proceedings. Moreover, the court orders defendant to (1) resume payment of plaintiff's SSI benefits, and (2) retroactively resume payment of her previously terminated benefits pending the Administration's decision on plaintiff's initial appeal, per 20 C.F.R. § 416.1336 ("If appeal is filed within 10 days after the individual's receipt of the notice, the payment shall be *continued or reinstated at the previously established payment level* . . . until a decision on such initial appeal is issued, unless the individual specifically waives in

writing his right to continuation of payment.") (emphasis added).

The Clerk is respectfully directed to serve a copy of this motion on plaintiff and note service in the docket.

SO ORDERED.

Dated: March 30, 2012
       Brooklyn, New York

s/KAM

**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York